IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRIAD ISOTOPES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:08-CV-739-WKW [WO] |
| | ) |
| GREGORY L. GOODSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Triad Isotopes ("Triad Isotopes") sued Defendant IonSouth Diagnostic Pharmacy, LLC ("IonSouth") for tortious interference with a former employee's contract (Verified Compl. ¶¶ 49-54 (Doc. # 1)) and for tortious interference with business and contractual relationships (Verified Compl. ¶¶ 55-62).[1]  In its answer, IonSouth counterclaimed, alleging state-law claims of interference with a business interest and slander per se.  (Answer 11-13 (Doc. # 22).)  Triad Isotopes moved to dismiss the slander per se claim for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Mot. (Doc. # 31).)  IonSouth filed a response opposing the motion (Doc. # 38), to which Triad Isotopes replied (Doc. # 41).  The motion to dismiss is due to be granted.

---

[1] Default was entered against the former employee and individual Defendant, Gregory L. Goodson.  (Doc. # 49.)

## I.  JURISDICTION

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332.  The parties do not contest personal jurisdiction or venue, and there are allegations sufficient to support both.

## II.  STANDARD OF REVIEW

A party may raise the defense of failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  A 12(b)(6) motion tests the sufficiency of the claim against the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure.  To state a sufficient claim for relief under Rule 8(a), only "a short and plain statement . . . showing that the pleader is entitled to relief" is required.  Fed. R. Civ. P. 8(a)(2).  A sufficient claim nevertheless "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations and footnote omitted).

In ruling on a motion to dismiss, however, courts should construe the pleadings "broadly," and view the allegations in the complaint "in the light most favorable to the [nonmovant]."  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (internal quotation marks omitted).  If there is "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there is a "plausible" ground for

---

[2] Rule 12(b)(6) applies to a counterclaim as well.  *See* Rule 12(b)(6) (stating it applies to "[e]very defense to a claim for relief *in any pleading*," (emphasis added)).

recovery, and a motion to dismiss should be denied. *Twombly*, 127 S. Ct. at 1965. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal quotation marks omitted). A 12(b)(6) motion is limited, however, "primarily to the face of the [claim] and the attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (per curiam).[3]

### III.  DISCUSSION

Count Two of IonSouth's counterclaim accuses Triad Isotopes's agents or employees of knowingly and maliciously uttering or publishing false statements concerning IonSouth's business to existing and potential customers.[4] (Answer 13.) The prior paragraphs clarify the content of those statements.[5] In Count One, IonSouth charges Triad Isotopes' agents or employees with "intentionally or negligently slander[ing] IonSouth by falsely telling potential or existing customers that [IonSouth] could not produce the nuclear medicine/goods/product to said customers since IonSouth could not get distribution rights." (Answer 11-12.) IonSouth also accuses Triad Isotopes' agents or employees of making

---

[3] The exception to this general rule, discussed in *Brooks*, 116 F.3d at 1369, does not apply here.

[4] IonSouth labels its claim as "slander per se," and the parties argue it as such. However, Count Two does not allege slander per se, as will be seen.

[5] The allegations in Count 2 depend on the "false statements" alleged earlier in the counterclaim. After incorporating the prior allegations, Count 2 describes the slander by referring to "*[s]aid* false statements" to actual or potential customers, which clearly refers to the statements alleged in Count 1, described *infra*. (Answer 13 (emphasis added).)

3

"actual verbal threats" to IonSouth "for the sole purpose of frightening [IonSouth] into ceasing business." (Answer 12.)

Triad Isotopes argues that these alleged statements, even if actually stated with knowledge that they were false, cannot form the basis of a slander per se claim. (Mot. 2.) IonSouth's response focuses not, however, on these statements, but points to the allegations in Triad Isotopes' Verified Complaint and statements described in an affidavit attached to IonSouth's Response, as evidence of slander per se. (Resp. 2-3 & Ronnie Taylor Aff. (Resp. Ex.).) In reply, Triad Isotopes counters that a complaint's allegations and an affidavit not filed with the counterclaim cannot be the basis of a claim challenged by a motion to dismiss. (Reply 3-5.)

"'[T]o constitute slander actionable per se, the alleged slander must impute an indictable offense involving infamy or moral turpitude.'" *Cottrell v. Nat'l Collegiate Athletic Ass'n*, 975 So. 2d 306, 345 (Ala. 2007) (quoting *Brown v. W.R.M.A. Broad. Co.*, 238 So. 2d 540, 541-42 (1970)). IonSouth argues that allegations in Triad Isotopes' Verified Complaint, and statements attested to in the affidavit from Ronnie Taylor ("Taylor"), the majority owner of IonSouth, are slander per se because they impute to IonSouth the Class C state-law felony of stealing trade secrets.[6] (Resp. 2-3.) Neither the Verified Complaint nor the affidavit, however, is helpful to IonSouth. The Verified Complaint's statements cannot form the basis

---

[6] According to IonSouth, the affidavit "establishes that agents of Triad [Isotopes] made comments to potential customers of IonSouth that [the individual Defendant] and IonSouth 'colluded to steal trade secrets of Triad[ Isotopes'].'" (Resp. 3.)

of the slander per se claim because they are related to Triad Isotopes' causes of action,[7] and therefore enjoy an absolute privilege.[8] *Brown v. Shimabukuro*, 118 F.2d 17, 18 (D.C. Cir. 1940) ("In this jurisdiction, among others, statements in pleadings and affidavits are absolutely privileged if they have enough appearance of connection with the case in which they are filed so that a reasonable man might think them relevant."); *McGehee v. Ins. Co. of N. Am.*, 112 F. 853, 854 (5th Cir. 1902) (per curiam) (finding that because allegations in the answer "were relevant and pertinent as matters of defense," they were "absolutely privileged").[9] The statements in the affidavit also cannot support IonSouth's claim because "the analysis of a 12(b)(6) motion is limited primarily to the face of the [counterclaim] and attachments thereto."[10] *Brooks*, 116 F.3d at 1368. The motion requires resolution of whether the *statement* of the claim of relief is factually sufficient under Rule 8.

The only basis for alleging slander must be in the counterclaim: Triad Isotopes' statements that IonSouth "could not produce the nuclear medicine/goods/product to the said

---

[7] The portions of the Verified Complaint IonSouth highlights in its response as the basis for slander per se – allegations regarding the employment agreement, the sharing of confidential information, and IonSouth's interference (Resp. 3) – clearly relate to the Verified Complaint's charges. (*See* Verified Compl. ¶¶ 49-62.)

[8] As Triad Isotopes also notes (Reply 3 n.2), the complaint's allegations do not qualify as slander per se because they are not oral statements. Slander per se is a subset of defamation reserved for spoken, not written words, the latter of which are covered by libel. *See, e.g.*, *Nelson v. Lapeyrouse Grain Corp.*, 534 So. 2d 1085, 1091 (Ala. 1988).

[9] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

[10] *See* Standard of Review *supra*. The analysis is limited to the face of the counterclaim and the attachments appended *to the counterclaim*, and does not include attachments appended to later briefs.

customers since IonSouth could not get distributions rights," a statement Triad Isotopes allegedly knew was false. (Answer 11-12.) Statements impugning IonSouth with an inability to obtain distribution rights, however, even if actually stated and with knowledge that they were false, do not impute to IonSouth a state-law criminal offense, let alone the type of offense contemplated by slander per se, *see Butler v. Town of Argo*, 871 So. 2d 1, 16 (Ala. 2003) (describing the type of crime). The criminal offense IonSouth cites in its response pertains only to the trade secrets allegations.[11] Thus, it is clear there is no plausible ground for a slander per se claim on these allegations.[12]

---

[11] Though not discussed in the briefs, the alleged verbal threats to IonSouth also fail to sustain the slander per se claim. Slander requires oral communication to a third person. *See, e.g.*, *Drill Parts & Serv. Co. v. Joy Mfg. Co.*, 619 So. 2d 1280, 1289 (Ala. 1993) (discussing the elements of defamation generally). The allegation is that Triad Isotopes "made actual verbal threats *to* . . . IonSouth for the sole purpose of frightening . . . IonSouth into ceasing business" (Answer 12 (emphasis added)); hence, there is no third-party communication. (Compare to the alleged false statements uttered to actual or potential customers.)

[12] The only definite indication that IonSouth is alleging slander per se is that Count 2 is labeled slander per se, though IonSouth also defends only a slander per se claim in its Response. Even if Count 2 were read as an attempt to allege slander per quod, however, the count would still fail. Slander per quod is a "false and defamatory oral communication of and concerning the plaintiff, communicated to a third person, that 'subject[s] the plaintiff to disgrace, ridicule, odium, or contempt.'" *Shook v. St. Bede Sch.*, 74 F. Supp. 2d 1172, 1180 (M.D. Ala. 1999) (quoting *Anderton v. Gentry*, 577 So. 2d 1261, 1263 (Ala. 1991)). To support a slander per quod claim, the plaintiff "must also plead and prove that [the plaintiff] suffered special damage as an element of the cause of action." *Butler*, 871 So. 2d at 18; *accord Shook*, 74 F. Supp. 2d at 118; *see also Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 270 (7th Cir. 1983) (stating that when special damages are claimed, whether they meet the required specificity is, in diversity cases, a question of federal, not state law); Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated.")

Special damages from slander "'are the intended result or natural consequence of the slanderous statement, and the general rule is that they are limited to 'material loss capable of being measured in money.'" *Butler*, 871 So. 2d at 18 (citation omitted) (quoting *Shook*, 74 F. Supp. 2d at 1180); *accord Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1311 (11th Cir. 1990) ("Special damages is 'the loss of something having economic or pecuniary value' . . . ." (quoting Restatement (Second) of Torts § 575 (1977))). In Count One, IonSouth claims that the purpose of Triad Isotope's actions was to "prevent competition and maintain a monopoly in [the] pharmaceutical area so as to manipulate prices that result in higher profits and income to [Triad Isotopes]," and then claims that IonSouth "has therefore been damaged as a direct result." (Answer 12.) This claim does not, however, sufficiently allege that

## IV.  CONCLUSION

Accordingly, it is ORDERED that Triad Isotopes' motion to dismiss (Doc. # 31) is GRANTED and that Count Two of IonSouth's Counterclaim (Doc. # 22, at 13) is DISMISSED without prejudice.

DONE this 23rd day of March, 2009.

    /s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

IonSouth has been damaged by monetary or pecuniary loss by, for example, alleging lost profits.  Triad Isotopes' gain is not alleged as IonSouth's loss.  Because no actual pecuniary damage was alleged, let alone alleged with any specificity, the claim fails even if it alleges slander per quod.  *See Brown*, 713 F.2d at 270 (finding that the a libel per quod claim was insufficiently pled for that reason); Rule 9(g).